UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ROBERT YOUNG, individually, and as legal guardian of I.R.Y., a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>MITSUBISHI MOTORS NORTH AMERICA CORPORATION, INC., a California Corporation; and MITSUBISHI MOTORS CORPORATION, a foreign corporation,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR DAMAGES<br><br>JURY DEMAND |

COME NOW Plaintiffs, by and through their attorneys of record, John R. Connelly, Jr., Micah R. LeBank and Jackson R. Pahlke of Connelly Law Offices, PLLC, aver and allege upon information and belief:

**I.  OVERVIEW**

1.1  This claim arises from the tragic and preventable permanent injuries I.R.Y. suffered on January 1, 2017, when the roof of the 1995 Mitsubishi Montero she was riding in unreasonably and defectively collapsed onto her, resulting in serious injuries including a spinal cord injury resulting in paralysis. Defendants Mitsubishi Motors Corporation and Mitsubishi Motors North America, Incorporated, marketed the Mitsubishi Montero, also known as the

COMPLAINT - 1 of 12

"Pajero" or "Shogun," as a safe vehicle—it is not. The roof is not reasonably safe for reasonable and regular use and foreseeable collisions and these product defects, among others, led to Plaintiffs' paralyzing injuries.

## II.   PARTIES

2.1   PLAINTIFF Robert Young is the grandfather and legal guardian of PLAINTIFF I.R.Y., a minor. Mr. Young regularly supports and contributes to I.R.Y. and cares for I.R.Y. Both are residents of King County in the Western District of Washington. As a result of Defendants' negligence, I.R.Y. was paralyzed and permanently disabled, and Mr. Young's relationship with his grandchild I.R.Y. was forever damaged.

2.2   DEFENDANT Mitsubishi Motors North America, Inc. ("MMNA") is a California corporation with its principal place of business located at 6400 Katella Avenue, Cypress, CA 90630. MMNA has an agent for service of process in Washington, CT Corporation System, located at 711 Capitol Way S., Ste. 204, Olympia, WA 98501, United States. At all times material, MMNA was generally engaged in the business of exporting, manufacturing, designing, testing, inspecting, distributing, leasing, selling, maintaining, retrofitting, repairing, and servicing Mitsubishi vehicles in the State of Washington and elsewhere, including in King County. At all times material, Defendant MMNA conducted business for profit in Washington State including in King County. To the extent MMNA acted as an agent, subsidiary, and/or conduit of its co-defendant Mitsubishi Motors Corporation, MMNA acted within the course and scope of its authority as an agent and subsidiary and with the consent of its co-defendant Mitsubishi Motors Corporation.

2.3   DEFENDANT MITSUBISHI MOTORS CORPORATION ("MMC") is a Japanese corporation with a principal place of business located at 33-8, Shiba 5-chome,

Minato-ku, Tokyo 108-8410 Japan. Defendant MMC is engaged in the development, design, manufacture, assembly, production, marketing, advertising, exporting, and sale of motor vehicles including the 1995 Mitsubishi Montero, which caused the Plaintiffs' injuries. Defendant MMC sells automobiles in more than 170 countries, including the United States and Washington State and King County and conducts over ¥2,267,800,000 in annual global net sales.[1] The United States is Defendant's third largest buyer at 124,000 vehicles purchased in 2018, with only Indonesia (140,000 vehicles) and China (141,000 vehicles) purchasing more.  To the extent MMC acted as an agent of its co-defendant MMNA, MMC acted within the course and scope of its authority as such an agent and with the consent of its co-defendant.

2.4     MMC and MMNA will hereinafter be collectively referred to as Mitsubishi.

### III.     JURISDICTION AND VENUE

3.1     Defendants Mitsubishi were at all relevant times conducting business in Washington state by designing, engineering, testing, manufacturing, exporting, importing, marketing, distributing and/or selling motor vehicles in Washington state through a worldwide chain of distribution.  Defendants Mitsubishi were at all relevant times engaged in transacting business in King County through the above-mentioned conduct which has occurred continuously and systematically throughout Washington State including the Western District of Washington and King County.

3.2     This Court has jurisdiction over the parties and the subject matter of this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and the damages claimed in this case are well in excess of seventy-five thousand dollars.

---

[1] http://www.mitsubishi-motors.com/content/dam/com/ir_en/pdf/anual/2016/annual2016.pdf

3.3     Venue is proper in the Western District pursuant to 28 U.S.C. § 1391 because the Defendant purposefully availed itself to this district, a substantial portion of the events that gave rise to this action took place in this district, and Plaintiffs resides in this district.  The vehicle at issue in this case was placed into the stream of commerce and sold in King County which is in the Western District of Washington.  Furthermore, the vehicle was purchased by the Plaintiffs in King County, located in the Western District of Washington.

3.4     MMNA is an agent of MMC and is performing services that are sufficiently important to MMC, that if it did not have MMNA to perform such services, MMC's own officials would have to undertake to perform substantially similar services.  MMC directs MMNA to take action in Washington through its sales of Mitsubishi motor products.

3.5     MMC is an alter-ego of MMNA because there is such a unity of interest and ownership that the separate personalities of the entities do not exist.  For example, Yoshiro Kuroi, a director/officer of MMNA, is on the Board of MMC as the Corporate General Manager of Corporate Planning Office. Also, MMC owns 100% of the voting shares of MMNA.[2]

3.6     This Court has specific personal jurisdiction over the parties to this civil action because Mitsubishi has purposefully availed itself of the privileges and benefits of doing business in Washington State including the Western District of Washington.

3.7     Mitsubishi is personally subject to specific jurisdiction in this Court:

a.      Because Mitsubishi is subject to the Washington long-arm statute by doing business in Washington and by contracting with Washington residents and by performing such contracts in part in Washington and by committing torts where one or more elements of the tort or one or more of the tortious acts occurred in Washington;

---

[2] https://www.mitsubishi-motors.com/content/dam/com/ir_en/pdf/fact/2019/fact_2019_05.pdf

      b.      Because the episode-in-suit which serves as the basis of the claims against Mitsubishi in this case is related to Mitsubishi's conduct;

      c.      Because Mitsubishi participated in placing the Mitsubishi vehicle at issue into the stream of commerce, and into Washington State;

      d.      Because Mitsubishi expected and intended that the Mitsubishi vehicle at issue would be sold and used in Washington;

      e.      Because key elements of the episode-in-suit occurred in Washington;

      f.      Because Mitsubishi has purposefully availed itself of the benefits of doing business in Washington;

      g.      Because Mitsubishi's contacts with Washington principally relate to the placement of vehicles into the stream of commerce, and all of the conduct associated with placing vehicles into the stream of commerce in Washington and associated with this civil action is related to and connected with the placement of vehicles into the stream of commerce;

      h.      Because due process and fair play and substantial justice are honored by this civil action going forward in this Washington Court;

      i.      Because there is little or no burden on Mitsubishi litigating this case in this Court;

      j.      Because it would be a tremendous burden and cause great inefficiency and unnecessary delay imposed on Plaintiffs to litigate this case in another forum;

      k.      Because Washington has an interest in overseeing this litigation which involves injuries to Washington residents and tortious transactions which occurred in Washington and defective products sold in Washington;

l. Because Mitsubishi's conduct and connection with Washington are such that Mitsubishi should reasonably anticipate being hailed in court in Washington.

3.8 Mitsubishi cannot deny personal jurisdiction:

a. Because Mitsubishi placed the Mitsubishi vehicle into the stream of commerce in a worldwide chain of distribution;

b. Because Mitsubishi placed the Mitsubishi vehicle into the stream of commerce under circumstances such that Mitsubishi should reasonably anticipate being hailed into court in Washington;

c. Because Mitsubishi maintains an active and interactive website where it can exchange information with Washington residents at https://www.mitsubishicars.com/request-quote where Washington residents can purchase products online and where Mitsubishi directs Washington residents to retail shops located in Washington, at https://www.mitsubishicars.com/car-dealerships-near-me;

d. Because Mitsubishi has a regular plan for the distribution of its production within Washington with the goal of achieving a commercial benefit from the sale of those products in Washington;

e. Because Mitsubishi places its products into the stream of commerce by targeting Washington through Mitsubishi authorized retailers in Washington;

f. Because Mitsubishi sends recall notices related to safety defects of Mitsubishi vehicles into Washington;

g. Because MMC handles and pays for all warranty work for Mitsubishi products;

h. Because MMC gets the majority of the profits from the sale of every Mitsubishi product in Washington, and the profits are substantial. From just 2015 to March 31, 2016, sales for MMC in the North American market rose 18,000 units, or 16% to 135,000 units. "The rise in sales volume led to a ¥49.0 billion year-on-year increase in net sales, to ¥324.8 billion."[3] Mitsubishi sold 96,764 vehicles in the U.S. in 2015.[4]

i. Because Mitsubishi has been a party in numerous cases where it has come into courts in Washington to answer claims about the failure of Mitsubishi products in Washington before.

## IV.   RELEVANT PRODUCT

4.1   The subject of this Complaint is the 1995 Mitsubishi Montero bearing the vehicle identification number: JA4MR41H8SJ008129 (the "**Montero**").

## V.   STATEMENT OF FACTS

5.1   On January 1, 2017, at approximately 3:15 PM, Mr. Young was driving the Montero on State Route 101 through Olympic National Park near milepost 224 in Clallam County, Washington. Plaintiff I.R.Y. was seated in the left rear seat using a proper booster and seatbelt restraints.

5.2.   As Mr. Young drove the Montero on State Route 101, suddenly and unexpectedly a tree blew over and a portion of the tree struck the roof of the Montero.

5.3   The roof of the Montero collapsed and injured I.R.Y. I.R.Y. is paralyzed as a result.

---

[3] http://www.mitsubishi-motors.com/content/dam/com/ir_en/pdf/anual/2016/annual2016.pdf
[4] http://www.mitsubishi-motors.com/content/dam/com/ir_en/pdf/fact/2016/fact_2016.pdf

COMPLAINT - 7 of 12

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

5.4 The roof system of the Montero was of insufficient strength to prevent the intrusion of the roof and its supporting structures into the occupant space upon impact of the object, resulting in I.R.Y.'s injuries.

5.5 The failure of the roof structure substantially enhanced the injuries that I.R.Y. sustained in the accident beyond those which she would have sustained had the roof been built properly. These enhanced injuries include her spinal cord injury and paralysis.

5.5 Mr. Young's relationship with his grandchild I.R.Y. is permanently and irreparably damaged as a result of I.R.Y.'s injuries from the Montero's dangerous roof system.

5.6 Mitsubishi did not warn of this defect.

## VI. FIRST CAUSE OF ACTION: VIOLATIONS OF THE WASHINGTON PRODUCT LIABILITY ACT RCW 7.72 ET SEQ. AGAINST MITSUBISHI

6.1 At all times material to this action, Mitsubishi was in the business of designing, testing, approving, manufacturing, marketing, distributing, selling and supplying motor vehicles, including the Montero, for use in Washington and elsewhere throughout the United States.

6.2 In violation of the Washington Product Liability Act, RCW 7.72, et seq., at the time the Montero left the control of Mitsubishi, it was defective and not reasonably safe in its design, manufacture, and assembly, including, but not limited to, the following:

    a. The Montero's roof and its supporting structures were inadequate to protect occupants from foreseeable crash forces in rollover accidents and falling object accidents. Particularly, these components were designed and manufactured in such a way that the roof could (and did in the instant case) intrude into the occupant compartment during a foreseeable impact;

1              b.       The Montero was not reasonably safe because Mitsubishi failed to perform appropriate crash tests in order to ensure that the roof was reasonably strong and would withstand the force of a blunt object, such to protect the occupants during a crash;

              c.       The Montero was not reasonably safe because adequate warnings or instructions were not provided with the Montero about the risks, dangers, and harms presented by the Montero, including the risks, harms, and dangers presented by the roof and its supporting structures; and,

              c.       The Montero was not reasonably safe because adequate warnings were not provided after the Montero was manufactured when Mitsubishi learned or should have learned about the dangers connected with the Montero, including the unreasonably dangerous roof and its supporting structures.

       6.3     As a direct and proximate result of the defective design, construction, and/or assembly of the Montero and its component parts, the Montero's roof and its supporting structures intruded into the occupant compartment, causing substantial and permanent injuries to Plaintiff I.R.Y.

       6.4     Mitsubishi is strictly liable for Plaintiffs' injuries and damages because at the time of manufacture, and at the time the Montero left the control of Mitsubishi, the likelihood that the Montero would cause injury or damage similar to that suffered by Plaintiffs, and the seriousness of such injury or damage, outweighed the burden on Mitsubishi to design a vehicle that would have prevented Plaintiffs' injuries and outweighed the adverse effect that an alternative design that was practical and feasible would have on the usefulness of the Montero.

       6.5     The likelihood that the insufficient strength of the vehicle's roof and its supporting structures would cause injuries similar to Plaintiffs' injuries and the seriousness of

those injuries rendered the warnings or instructions of the manufacturer inadequate, and the manufacturer could have provided adequate warnings or instructions.

6.6    Mitsubishi is strictly liable to Plaintiffs for damages because the Montero's roof was unsafe to an extent beyond that which would be contemplated by an ordinary user.

6.7    The Montero was not reasonably safe because it did not conform to Mitsubishi's express warranties or to the implied warranties under Title 62A RCW.

## VIII.   PROXIMATE CAUSE / DAMAGES

8.1    Mitsubishi's actions and/or inactions violated the Washington Product Liability Act and were the direct cause in fact and proximate cause of the damages Plaintiffs' suffered.

8.2    As a direct and proximate result of the Defendants' tortious conduct, including breach of duties, and wrongful acts and omissions, Plaintiff I.R.Y. incurred substantial medical expenses and suffered severe injuries. Plaintiff I.R.Y. suffered permanent, continuing and irreparable damages, and is now permanently paralyzed.  Plaintiff I.R.Y. suffered and will continue to suffer significant pain, suffering, and mental anguish, as well as permanent physical disability and injury.  Plaintiffs have also suffered economic loss, loss of enjoyment of life, medical expenses, attendant care expenses and other special and general damages which will be proved with specificity at the time of trial.  These damages have continued to the present and will continue for the rest of Plaintiffs' lives.

8.3    As a direct and proximate result of Defendants' tortious and unreasonable conduct, Mr. Young's relationship with his grandchild I.R.Y. is irreparably damaged.  RCW 4.24.010(1) provides that a "legal guardian who has regularly contributed to the support of his or her minor child … may maintain or join as a party an action as plaintiff for the injury or death of the child."

8.4     Before the roof crush, there were no restrictions on what Mr. Young and his grandchild I.R.Y. could do.  Now, their relationship revolves around taking care of I.R.Y.'s severe and permanent injuries.  This is hard on both Mr. Young and I.R.Y. and has resulted in harm to the grandparent / legal guardian relationship and substantial loss of consortium.

8.5     Mr. Young has also incurred out-of-pocket expenses, health care expenses, and other economic and non-economic in an amount that will be proven at trial.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request a judgment against Defendants, as follows:

1.     For past and future non-economic damages as shall be determined at the time of trial;

2.     For past and future economic damages to be shown at the time of trial;

3.     For costs of suit incurred herein;

4.     For pre-judgment interest and post judgment interest as provided by law; and

5.     For such other and further relief as the Court may deem just and proper and available under the law.


DATED this 20th day of December 2019.


CONNELLY LAW OFFICES


By */s/John R. Connelly, Jr.*
    John R. Connelly, Jr., WSBA No. 12183
    2301 North 30th Street
    Tacoma, WA 98403
    Phone: (253) 593-5100
    E-mail: jconnelly@connelly-law.com

1

2

3

4

By  */s/Micah R. LeBank*_____
   Micah R. LeBank, WSBA No. 38047
   2301 North 30th Street
   Tacoma, WA 98403
   Phone: (253) 593-5100
   E-mail: mlebank@connelly-law.com

5

6

7

By  */s/Jackson R. Pahlke*_____
   Jackson R. Pahlke, WSBA No. 52812
   2301 North 30th Street
   Tacoma, WA 98403
   Phone: (253) 593-5100
   E-mail: jpahlke@connelly-law.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

COMPLAINT - 12 of 12

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax