UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT YOUNG, individually, and as legal guardian of I.R.Y., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>MITSUBISHI MOTORS NORTH AMERICA CORPORATION, INC., a California corporation; and MITSUBISHI MOTORS CORPORATION, a foreign corporation,<br><br>Defendants. | NO. 2:19-cv-02070-RSL<br><br>STIPULATED PROTECTIVE ORDER |

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential

treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. <u>"CONFIDENTIAL" MATERIAL</u>

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: Defendants Mitsubishi Motors North America, Inc. ("MMNA") and/or Mitsubishi Motors Corporation ("MMC") (collectively "Mitsubishi"), may produce competitively sensitive proprietary, financial and commercial information and documents, including, without limitation, information and documents containing trade secrets (such documents shall be referred to as "Competitively Sensitive Information" in this Stipulated Protective Order).

3. <u>SCOPE</u>

The protections conferred by this agreement cover not only confidential material and Competitively Sensitive Information (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. <u>ACCESS TO AND USE OF CONFIDENTIAL MATERIAL</u>

4.1 <u>Basic Principles</u>. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to the following "Qualified Person(s)":

(a)     the receiving party's counsel of record in this action, as well as employees or support personnel of counsel to whom it is reasonably necessary to disclose the information for this litigation, providing the support personnel is not an employee of a direct business competitor of Mitsubishi (for purposes of this Order and the *Young* litigation, "direct business competitor" shall mean an employee of a designer, manufacturer and/or distributor of mass-produced automobiles or component parts for sale of the public);

(b)     the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c)     experts and consultants to whom disclosure is reasonably necessary for this litigation, providing the expert or consultant, is not an employee of a direct business competitor of Mitsubishi (for purposes of this Order and the *Young* litigation, "direct business competitor" shall mean an employee of a designer, manufacturer and/or distributor of mass-produced automobiles or component parts for sale of the public), and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court, court personnel, and court reporters and their staff;

(e)     copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material. Parties must keep a complete and accurate inventory of all copies or translations they make of Competitively Sensitive Information.

All Competitively Sensitive and Confidential Information shall be stored in a manner reasonably calculated to preserve confidentiality;

(f) translation services retained by counsel to assist in the translation of confidential or Competitively Sensitive Information provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material. Parties must keep a complete and accurate inventory of all copies or translations they make of Competitively Sensitive Information. All Competitively Sensitive and Confidential Information shall be stored in a manner reasonably calculated to preserve confidentiality;

(g) To the extent that any Confidential or Competitively Sensitive Information is used when taking a deposition, such portions of such depositions shall be taken only in the presence of those persons whom are parties to this litigation and to this Stipulated Protective Order, and the court reporter and videographer, and all such Confidential and Competitively Sensitive Information shall remain subject to the provisions of this Stipulation and Order, along with the transcript pages of the deposition testimony dealing with the Confidential or Competitively Sensitive Information.

At the time any Confidential or Competitively Sensitive Information is used in any deposition, the reporter and videographer will be informed of this Stipulation and Order and will be required to operate in a manner consistent with this Stipulation and Order. In addition, the court reporter shall separately label each page of the deposition transcript, and any exhibits thereto that contain Confidential or Competitively Sensitive Information, as "CONFIDENTIAL." The duty is on the producing party to designate the specific pages of the transcript as "CONFIDENTIAL" within 15 days of receipt of the transcript;

(h) Counsel may not question a deposition witness in a manner that would tend to reveal any Mitsubishi Competitively Sensitive Information without first:

        1.       Explaining to the witness that the information which will be the subject of the inquiry is protected from disclosure by this Stipulation and Order;

        2.       Providing the witness with a copy of this Stipulation and Order, advising that the witness is bound by this Stipulation and Order, and having the witness execute "Exhibit A" to this Stipulation and Order;

        3.       Excluding all persons from the deposition, except for persons authorized by this Stipulation and Order to have access to the Competitively Sensitive Information; and

        4.       Obtaining the witness's consent on the record to be bound by the Stipulation and Order.

The provisions of this paragraph are not intended to, and do not apply to, employees of Mitsubishi. The provisions of this paragraph are also not intended to, and do not apply to, experts retained by counsel for the Parties, provided they have previously signed "Exhibit A."

        (i)       the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

        (j)       Confidential and Competitively Sensitive Information may only be distributed to "Qualified Persons" as described above, and/or the receiving party's counsel, none of whom may post Competitively Sensitive Information on any website or internet accessible document repository or disseminate in any manner that would allow unauthorized persons to gain access to or share the Competitively Sensitive Information. This shall not preclude the receiving party from using computer and internet technology to share the Confidential and Competitively Sensitive Information with "Qualified Persons" or for document review and evaluation. In either instance, the receiving party must ensure the documents are exchanged in a secure environment.

        (k)       with the exception of counsel for the Parties and their regularly employed office staff, any person to whom counsel discloses Competitively Sensitive Information for any purpose, shall execute an Acknowledgment and Agreement to Be Bound, the form attached as

"Exhibit A" to this Stipulation and Order, and counsel for that Party shall retain the original of the Declaration until thirty (30) days after final termination of the *Young* litigation. Counsel shall not reveal any Competitively Sensitive Information until counsel has obtained a signed Acknowledgment and Agreement to Be Bound from the person to whom the Competitively Sensitive Information is being disclosed. Additionally, Plaintiffs will maintain a list of all persons to whom Competitively Sensitive Information has been disclosed and a list of all such documents disclosed to each such person.

  4.3 <u>Filing Confidential Material</u>.

Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5. DESIGNATING PROTECTED MATERIAL

  5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material,

documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)   <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

Before producing Competitively Sensitive Information, Mitsubishi will stamp the legend of the document or the CD-ROM or DVD that contains Competitively Sensitive Information with "CONFIDENTIAL."  Further, documents contained on a CD-ROM or DVD that is designated as "CONFIDENTIAL" shall be treated as confidential pursuant to this Order, even if the individual files or documents contained on the CD-ROM or DVD are not superimposed with the word "CONFIDENTIAL".  Likewise, in the event that Mitsubishi produces Competitively Sensitive

Information electronically (for example, via a secure password-protected File Transfer Protocol ("FTP") site), Mitsubishi will identify the FTP link as "CONFIDENTIAL." Documents contained in the FTP link shall be treated as Classified Information pursuant to this Protective Order, even if the individual files or documents contained therein are not superimposed with the word "CONFIDENTIAL." Competitively Sensitive Information obtained by counsel shall be kept strictly confidential in the manner prescribed by this Stipulated Protective Order unless or until (i) the Court rules to the contrary or (ii) the producing party formally withdraws its Confidential/Competitively Sensitive designation in writing.

(b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 20th day of April, 2020.        CONNELLY LAW OFFICES

                                                 <u>/s/ Micah R. LeBanc</u>
John R. Connelly, Jr., WSBA No. 12183
Micah R. LeBank, WSBA No. 38047

Attorneys for Plaintiffs

2301 North 30th Street
Tacoma, WA 98403
Telephone: (253) 593-5100
Fax: (253) 593-0380
Email: jconnelly@connelly-law.com
Email: mlebank@connelly-law.com

DATED this 20th day of April, 2020.        CHRISTIE LAW GROUP, PLLC

                                                 <u>/s/ Megan M. Coluccio</u>
Robert L. Christie, WSBA No. 10895
Megan M. Coluccio, WSBA No. 44178

Attorneys for Defendants Mitsubishi Motors North America, Inc. and Mitsubishi Motors Corporation

2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
Phone: 206-957-9669

Fax: 206-352-7875
Email: bob@christielawgroup.com
Email: megan@christielawgroup.com

DATED this 20th day of April, 2020.

SHOOK HARDY & BACON

    /s/ Laura Booth
Janet Hickson (*admitted pro hac vice*)
Laura Booth (*admitted pro hac vice*)

Attorneys for Defendants Mitsubishi Motors North America, Inc. and Mitsubishi Motors Corporation

5 Park Plaza, Suite 1600
Irvine, CA 92614
Phone: 949-475-1500
Fax: 949-475-0016
Email: jhickson@shb.com
Email: lbooth@shb.com
and

Claire Hillman (*admitted pro hac vice*)
2555 Grand Blvd.
Kansas City, MO 64108
Phone: 816-559-0385
Email: chillman@shb.com

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

Dated this 21st day of April, 2020.

*[signature]*
Robert S. Lasnik
United States District Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____