UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT YOUNG, Individually and as Guardian of Minor, I.R.Y., <br><br> Plaintiff, <br><br> v. <br><br> MITSUBISHI MOTORS NORTH AMERICA CORPORATION, INC., *et al.*, <br><br> Defendants. | NO. C19-2070RSL <br><br> ORDER DENYING MOTION TO DISMISS BASED ON LACK OF PERSONAL JURISDICTION |

This matter comes before the Court on "Defendant Mitsubishi Motors Corporation's Motion to Dismiss for Lack of Personal Jurisdiction" under Fed. R. Civ. P. 12(b)(2). When a defendant challenges the Court's power to subject it to judgment *(see J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 879-80 (2011)), the plaintiff must make a *prima facie* showing that personal jurisdiction exists (*Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1128–29 (9th Cir. 2003)). A plaintiff builds a *prima facie* case by alleging facts which, if true, would support the Court's exercise of jurisdiction: the allegations are accepted as true unless defendant controverts them with evidence. *See AT & T Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996). If the parties provide competing evidence as to a fact and neither party requests an evidentiary hearing, the Court resolves competing inferences in

ORDER DENYING MOTION
TO DISMISS - 1

plaintiff's favor. *Harris Rutsky*, 328 F.3d at 1129; *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284-85 (9th Cir. 1977). No one has requested an evidentiary hearing in this case.

Having reviewed the complaint and the memoranda, declarations,[1] and exhibits submitted by the parties, the Court finds as follows:

This matter can be decided on the papers submitted. MMC's request for oral argument is therefore DENIED.

Unless a federal statute governs personal jurisdiction, the Court's jurdictional analysis starts with the "long-arm" statute of the state in which the Court sits. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002). Washington's long-arm statute (RCW 4.28.185) extends personal jurisdiction to the full extent of the Due Process Clause of the U.S. Constitution. *Shute v. Carnival Cruise Lines*, 113 Wn.2d 763, 783 (1989).

> The Due Process Clause protects an individual's right to be deprived of life, liberty, or property only by the exercise of lawful power. *Cf. Giaccio v. Pennsylvania*, 382 U.S. 399, 403 (1966) (The Clause "protect[s] a person against having the Government impose burdens upon him except in accordance with the valid laws of the land"). This is no less true with respect to the power of a sovereign to resolve disputes through judicial process than with respect to the power of a sovereign to prescribe rules of conduct for those within its sphere. *See Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law"). As a general rule, neither statute nor judicial decree may bind strangers to the State. *Cf. Burnham v. Superior Court of Cal., County of Marin*, 495 U.S. 604, 608–609 (1990) (opinion of SCALIA, J.) (invoking "the phrase *coram non judice*, 'before a person not a judge'- meaning, in effect, that the

---

[1] Many of the factual assertions contained in Mr. LeBank's declaration are not based on his personal knowledge. They have generally not been considered unless as a recitation of plaintiff's claims. The Court has considered the attached exhibits.

ORDER DENYING MOTION
TO DISMISS - 2

proceeding in question was not a judicial proceeding because lawful judicial authority was not present, and could therefore not yield a judgment").

*Nicastro*, 564 U.S. at 779-80.

The Court may lawfully exercise the power of judgment over a person in two types of situations, both of which depend on the person's contacts with the forum state. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). A defendant with "substantial" or "continuous and systematic" contacts with the forum state is subject to general jurisdiction, and can be haled into court on any action, even one unrelated to its contacts in the state. *Id.* A defendant not subject to general jurisdiction may be subject to specific jurisdiction if the suit against it arises from its contacts with the forum state. *Id*. "[S]pecific jurisdiction is tethered to a relationship between the forum and the claim," whereas general jurisdiction is not. *Holland Am. Line, Inc. v. Wartsila N. Am., Inc*., 485 F.3d 450, 460 (9th Cir. 2007). In this case, plaintiff asserts that Mitsubishi Motors Corporation ("MMC") is subject to specific jurisdiction in Washington.

On a motion under Rule 12(b)(2), the defendant may go beyond the allegations of the complaint and introduce evidence relevant to the jurisdictional analysis. MMC took advantage of that opportunity to submit declarations from corporate representatives who declare that MMC is a foreign corporation headquartered in Japan, it has no physical presence in Washington and is not registered to conduct business here, the vehicle at issue was designed, manufactured, and assembled in Japan, MMC does not design or manufacture Mitsubishi vehicles specifically for the Washington market, and MMC does not have contractual relationships with Mitsubishi dealerships in the U.S. regarding sales, recalls, or servicing of vehicles. Ebata Decl. (Dkt. # 21)

ORDER DENYING MOTION
TO DISMISS - 3

at ¶¶ 3-18. The 1995 Mitsubishi Montero at issue in this litigation was exported/sold by MMC to its wholly-owned subsidiary Mitsubishi Motor Sales of America, Inc. (now known as Mitsubishi Motors North America, Inc. ("MMNA")). At the time, MMNA was located in California and handled the further distribution, marketing, and sale of the Montero. Ebata Decl. (Dkt. # 21) at ¶¶ 20-22; LaFayette Decl. (Dkt. # 22) at ¶¶ 3-4. MMNA sold the Montero to a Mitsubishi dealership in Milwaukie, Oregon, which subsequently sold it to a consumer who lived in Seattle, Washington. LaFayette Decl. (Dkt. # 22) at ¶¶ 5-6; Dkt. # 26-1 at 2. MMNA manages the warranty process related to Mitsubishi vehicles in the U.S. *Id*. at ¶ 10.

What is missing from MMC's evidence is anything to contradict plaintiff's allegations that MMC has a distribution plan for its vehicles that includes sales into and profits from Washington, that it intended and expected that its products would be sold and used in Washington, that it directs the actions of MMNA to accomplish the forum-related sales, and that its 100% ownership of MMNA and overlap of officers and directors creates a unity of interests allowing MMC to direct the actions of MMNA to accomplish the forum-related sales that are an integral part of its distribution plan. Complaint (Dkt. # 1) at ¶¶ 3.4-3.5 and 3.7-3.8. Plaintiff submitted corporate documents from the last two decades showing that hundreds of thousands of Mitsubishi vehicles have been sold in the U.S., that MMC has the ultimate responsibility for "development, purchasing and procurement, manufacturing, sales, quality assurance and management" of the Mitsubishi product lines, and that it has an integrated product strategy that allows the MMC product executive in charge of a specific vehicle model to manage everything "from basic product concepts and styling to development, ongoing improvements and post-market quality reviews." Dkt. # 24-8 at 8-9. Although these documents were created years after

ORDER DENYING MOTION
TO DISMISS - 4

the 1995 Montero was manufactured and are therefore not compelling, they do tend to support plaintiff's allegations of an integrated distribution plan created and implemented by MMC. MMC offers no contrary evidence regarding its relationship with MMNA, the nature or level of its control over the distribution channel running from MMC through MMNA to the individual dealerships, or the volume of vehicles sold through those channels. Plaintiff further points out the proximity of the Milwaukie dealership to Washington, that MMNA advertises the Milwaukie dealership to Washington residents, and the existence of Mitsubishi dealerships in Washington.

A three-part test determines whether the assertion of specific jurisdiction over a defendant comports with the Due Process Clause:

> 1) The non-resident defendant must purposefully direct its activities or consummate some transaction with the forum or a resident thereof or must perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> 2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> 3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). Plaintiff bears the burden as to the first two parts of the test. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011). If the plaintiff meets that burden, the burden shifts to MMC to make a "compelling case" that the exercise of jurisdiction is unreasonable. *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)).

ORDER DENYING MOTION
TO DISMISS - 5

MMC does not dispute that it purposefully directs its sales activities at the United States, and plaintiff has alleged and/or provided evidence that MMC utilizes its U.S. subsidiary, MMNA, to implement an integrated distribution plan designed to sell Mitsubishi vehicles in the U.S., its second largest market in 2017. But plaintiff is not arguing that Congress has authorized the exercise of jurisdiction over MMC in one or more courts based on its contacts with the United States generally. *See Nicastro*, 564 U.S. at 885-86. Rather, plaintiff argues that courts in Washington have personal jurisdiction over MMC because MMC purposefully directed its activities at Washington or purposefully availed itself of the privilege of conducting activities there. For the reasons set forth below, the Court finds that plaintiff has made a *prima facie* showing sufficient to satisfy the first prong of the specific jurisdiction test.

Simply putting a product into the stream of commerce with the knowledge that it could make its way to the forum state is not enough to establish purposeful direction or purposeful availment. *Nicastro*, 564 U.S. at 883 (quoting *Asahi Metal Indus. Co. v. Superior Ct.*, 480 U.S. 102, 112 (1987). But plaintiff has made uncontroverted allegations of additional activities directed toward Washington, activities that were designed to achieve sales in this particular forum. MMC (allegedly) created and implemented a product distribution plan that contemplated significant sales in and profits from Washington. Pursuant to the plan, MMC (directly or indirectly) utilized its wholly-owned U.S. subsidiary to bring vehicles to the U.S., fostered the creation of multiple Mitsubishi dealerships in Washington that were then supplied by the subsidiary, utilized an interactive website accessible in Washington to promote the Mitsubishi

ORDER DENYING MOTION
TO DISMISS - 6

brand and to conduct sales,[2] and referred Washington residents to dealerships in both Washington and Oregon. These efforts hit their target, resulting in sales to Washington residents. Although the volume of sales is unknown insofar as MMC declined to provide that information, plaintiff alleges that MMC's share of the profits from sales in Washington is "substantial." Dkt. # 1 at 3.8(h).

A pair of Supreme Court decisions support the conclusion that MMC purposefully directed or availed itself of the benefits of activities in Washington. In *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980), the Court held that an Oklahoma court could not exercise personal jurisdiction over a New York automobile dealership and its regional distributor in a products-liability action when the defendants' only connection with Oklahoma was the fact that an automobile sold in New York to New York residents had been driven to Oklahoma and was involved in an accident there. *Id*. at 287.[3] In reaching that holding, the Court took care to distinguish the facts before it from a scenario that would have given rise to personal jurisdiction over the nonresident defendants:

> [I]f the sale of a product of a manufacturer or distributor such as Audi or Volkswagen is not simply an isolated occurrence, but arises from the efforts of the manufacturer or distributor to serve directly or indirectly, the market for its product in other States, it is not unreasonable to subject it to suit in one of those States if its allegedly defective merchandise has there been the source of injury to

---

[2] In its motion, MMC asserts that its website "is not . . . for direct consumer feedback or a site through which a consumer may purchase a vehicle." No evidence is provided to support this assertion. Plaintiff's allegation is therefore uncontroverted.

[3] The plaintiffs in *Worldwide Volkswagen* also sued Audi NSU Auto Union Aktiengesellschaft, the foreign manufacturer of the car, and its domestic importer, Volkswagen of America, Inc. Audi did not contest jurisdiction and Volkswagen did not appeal when the Supreme Court of Oklahoma found that the exercise of jurisdiction over it was consistent with Due Process. *Id*. at 288 n.3.

ORDER DENYING MOTION
TO DISMISS - 7

its owner or to others.

*Id*. at 297. Relying in part on *World-Wide Volkswagen*, a plurality of the Court in *Asahi Metal Indus. Co. v. Superior Ct.*, 480 U.S. 102 (1987), concluded that a Japanese valve manufacturer's "mere awareness" that its valves would be installed by the purchaser, a Taiwanese tire manufacturer, into motorcycle tubes that would be sold in California was insufficient to support a finding that the valve manufacturer "purposefully avail[ed] itself of the privilege of conducting activities within the forum State." *Id*. at 105, 109 (O'Connor, J.).

> The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State. Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, for example, designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State. But a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State.

*Id*. at 112. In *Asahi*, the Supreme Court considered it noteworthy that the valve manufacturer "did not create, control, or employ the distribution system that brought its valves to California." *Id*.

The facts that were absent in *World-Wide Volkswagen* and *Asahi*, but which the Supreme Court noted could support personal jurisdiction over a foreign defendant, are sufficiently alleged here. Plaintiff's uncontroverted allegations of a marketing and distribution strategy created and implemented by MMC that was designed to - and did - generate significant sales of Mitsubishi vehicles in Washington is the sort of "additional conduct" that was missing in *World-Wide*

ORDER DENYING MOTION
TO DISMISS - 8

*Volkswagen* and *Asahi*. These allegations link MMC, directly or indirectly, with the sales of the vehicles in the forum state and not simply their manufacture in Japan. These sales were not "simply an isolated occurrence." *World-Wide Volkswagen*, 444 U.S. at 297. Nor were the cars carried to Washington by the vagaries of "the stream of commerce" or the whims of an unrelated purchaser. *Asahi*, 480 U.S. at 112. Rather, plaintiff has made a *prima facie* showing that MMC established channels for marketing and distributing its vehicles in Washington, the resulting sales are alleged to be substantial, and MMC utilized an interactive website to advertise to and communicate with Washington customers. *See Helicopter Transp. Servs., LLC, v. Sikorsky Aircraft Corp.*, 253 F. Supp.3d 1115 (D. Ore. 2017) (finding that the foreign manufacturer of a helicopter acted within the forum state through its wholly-owned subsidiary and their coordinated replacement part and communication/advertising strategy); Johnson v. Chrysler Canada, Inc., 24 F. Supp.3d. 1118 (N.D. Ala. 2014) (finding that foreign manufacturer of automobile had sufficient minimum contacts with Alabama where it utilized Chrysler's nationwide distribution channel, expected and knew of sales in Alabama, and received income from the Alabama sales).

Finally, in *Nicastro*, the Supreme Court found it an "unexceptional proposition" that when a foreign manufacturer "seek[s] to serve a given ... market," the manufacturer may be subject to the jurisdiction of courts within that market even "without entering the forum." 564 U.S. at 885-86. Although the foreign defendant in that case, J. McIntyre Machinery, Ltd., was not subject to the jurisdiction of the New Jersey state courts, its situation was significantly different than that presented here. J. McIntyre manufactured metal-shearing machines in the United Kingdom and wanted to sell its machines in the United States. To that extent J. McIntyre

ORDER DENYING MOTION
TO DISMISS - 9

and MMC are similar. But J. McIntyre did not incorporate a U.S. subsidiary and design/implement an integrated distribution system running through the subsidiary and eponymously-named dealerships. Rather, it attended some trade shows in the U.S. (but not in New Jersey) and found a distributor in the U.S. who agreed to sell its products in the U.S. generally. That four of its machines ultimately ended up in New Jersey was, the Supreme Court held, a function of the stream of commerce, undirected by J. McIntyre, and did not reflect an effort by J. McIntyre to target New Jersey customers. 564 U.S. at 885-86. The same cannot be said for MMC.

MMC argues that, even if it purposefully directed activities at Washington, plaintiff's claims do not arise out of those activities and cannot, therefore, support the exercise of jurisdiction over MMC. To make this argument, MMC ignores the forum-related activities plaintiff alleges, namely its design and implementation of a plan to advertise and distribute Mitsubishi vehicles in Washington. Focusing on actions taken elsewhere, such as the design and manufacture of the Montero itself, does not erase the alleged forum-related activities. If, as plaintiff has alleged, MMC directed the distribution of its vehicles, targeted Washington consumers, and sold its residents cars (including the subject Montero) at dealerships in Washington and Oregon, plaintiff's injuries arise out of or relate to MMC's forum-related distribution efforts.

Plaintiff has made a *prima facie* showing of personal jurisdiction. The burden accordingly shifts to MMC to "present a compelling case" for why the exercise of jurisdiction would be unreasonable. *Burger King*, 471 U.S. at 477. *See also Asahi*, 480 U.S. at 113-15. Having considered the seven factors set forth in *Core-Vent Corp. v. Nobel Indus. AB.*, 11 F.3d 1482-88

ORDER DENYING MOTION
TO DISMISS - 10

(9th Cir. 1993), the Court finds that MMC has not met this burden. MMC's successful marketing and distribution strategy injected it and its products into Washington, MMC failed to support its contention that the burden of defending this litigation would be substantial, Japan's interest in regulating the design and manufacture of products within its borders is no greater than Washington's interest in the safety of products sold to and used by Washington residents, and even if an alternative forum exists where plaintiff's claims against MMC could be heard, compelling plaintiff to sue MMC in Japan while this case proceeds in Washington against MMNA would be neither convenient nor efficient. The Court's exercise of jurisdiction over MMC would not be unreasonable.

For all of the foregoing reasons, MMC's motion to dismiss for lack of personal jurisdiction (Dkt. # 20) is DENIED.

Dated this 10th day of August, 2020.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
TO DISMISS - 11