1
2
3
4
5

UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

6  ROBERT YOUNG, individually, and as legal
   guardian of I.R.Y., a minor,
7
                      Plaintiffs,
8
         vs.
9

10 MITSUBISHI MOTORS NORTH AMERICA
   CORPORATION, INC., a California
11 Corporation; and MITSUBISHI MOTORS
   CORPORATION, a foreign corporation,
12
                      Defendants.
13

14 MITSUBISHI MOTORS NORTH AMERICA
   CORPORATION, INC., a California
15 Corporation; and MITSUBISHI MOTORS
   CORPORATION, a foreign corporation,
16
                      Third-Party Plaintiffs,
17
         vs.
18
   NATIONAL PARK SERVICE, a United States
19 governmental agency,

20                    Third-Party Defendant.

NO.  2:19-cv-02070-RSL

ORDER DENYING MOTION FOR
PROTECTIVE ORDER

21     This matter comes before the Court on the "United States' Motion to Stay"
22 discovery pending resolution of its motion to dismiss. Dkt. # 90. Having reviewed the
23

ORDER - 1 of 4

memoranda submitted by the parties, as well as the underlying motion to dismiss, the Court finds as follows:

The Federal Rules of Civil Procedure impose clear duties to disclose that are triggered by certain, specified events. *See* Fed. R. Civ. P. 26(a)(1) and 26(d)(1). The rules do not provide an automatic stay of discovery if a motion to dismiss is filed: such motions are often unsuccessful and a stay could cause unnecessary and significant delays at the outset of the litigation. The Court nevertheless has discretion to stay discovery if defendants show that they are entitled to a protective order under Rule 26(c) "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." *See Lazar v. Kroncke*, 862 F.3d 1186, 1203 (9th Cir. 2017) ("District court[] orders controlling discovery are reviewed for an abuse of discretion."). The United States argues that it would be an undue burden to have to respond to discovery when plaintiffs' failure to timely present administrative claims bars any claim under the Federal Tort Claims Act ("FTCA").[1]

The pending motion to dismiss is strenuously opposed. Plaintiffs argue that the United States' conduct in withholding its hazard tree management policy for the area in which the accident occurred prevented them from discovering their cause of action against the National Park Service until 2022 and that the administrative claim deadline was therefore tolled under theories of equitable estoppel and/or fraudulent concealment. This dispute is fully briefed, and neither plaintiffs nor Mitsubishi have

---

[1] The parties have resolved their dispute regarding an extension of the case management deadlines.

shown that discovery is needed to respond to the motion to dismiss. The issue, then, is whether merits discovery should proceed while the motion to dismiss is pending.

The United States asserts that the administrative exhaustion issue will determine its role in this litigation – as a party or as a third-party witness – and will significantly impact the scope of discovery and the course of the proceedings. The argument seems to be that the United States will approach discovery differently if it faces potential FTCA liability. If it remains a party, it will review all of the discovery that has been exchanged so far, serve its own discovery, and seek to redo certain depositions in an effort to defend itself. If the FTCA claim is dismissed, on the other hand, the United States' role will be limited to responding to third-party discovery requests. The United States argues that it should not be compelled to move forward with discovery until its role is determined.

Allowing discovery to proceed at this point does not mean that the United States must immediately serve discovery requests or redo depositions, however. The discovery deadline has been extended to July 2024, and the United States can safely await the outcome of the motion to dismiss before serving discovery. Regardless of the outcome of the motion to dismiss, the United States will be the recipient of discovery requests, with the only difference being the rule under which the discovery is served. In this situation, the United States' claim of undue burden or prejudice if discovery is permitted to proceed while the motion to dismiss is resolved is unpersuasive.

//

1 | For all of the foregoing reasons, the United States' motion for a protective order
2 | (Dkt. # 90) is DENIED.

Dated this 5th day of October, 2023.

*[signature]*
Robert S. Lasnik
United States District Judge