UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT YOUNG, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MITSUBISHI MOTORS NORTH AMERICA CORPORATION, INC., *et al.*, <br><br> Defendants. | Case No. C19-2070RSL <br><br> ORDER DENYING THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on defendant United States' "Motion to Dismiss" (Dkt. # 80). The Court, having reviewed the submissions of the parties and the remainder of the record, finds as follows:

**I.     Background**

This lawsuit is based on a tragic car accident that occurred on the afternoon of January 1, 2017. Dkt. # 62 at 2. Plaintiffs were driving a Mitsubishi vehicle through the Olympic National Park when a diseased Douglas fir blew over and fell onto the roof of the vehicle, injuring driver Robert Young, killing his wife, Julie Young, and minor grandchild, D.L.H., and paralyzing another minor grandchild, I.R.Y. *See* Dkt. # 62 at 10-11.

Following the accident, plaintiffs hired an attorney and conducted a "thorough investigation" into potential claims. Dkt. # 84 at 2. As part of this investigation, plaintiffs

ORDER DENYING THE UNITED STATES'
MOTION FOR SUMMARY JUDGMENT- 1

submitted two Freedom of Information Act ("FOIA") requests to the National Parks Service ("NPS"). *Id.* The first request was submitted on March 22, 2017, and asked for "all materials within your possession or under your control relating to the investigation on January 1, 2017." Dkt. # 83 at 4. On May 16, 2017, NPS responded to the first FOIA request "with documents and correspondence regarding the event, investigation reports, photographs, and several emails." Dkt. # 84 at 2.

The second request was submitted on June 8, 2017, and asked for, *inter alia*, "Any Official Tree Hazard Program materials for Olympic National Park and any other official policy on tree maintenance, inspection, or removal." Dkt. # 83 at 5. On September 7, 2017, NPS responded to plaintiffs' second FOIA request, explaining that it "was able to locate one responsive record and it is attached in its entirety." Dkt. # 62 at 21. The attached document was titled "Olympic National Park Hazard Tree Management Plan, May 1999." *Id.*

In 2018, plaintiffs provided the records they had obtained through their investigation, including the records they had received from NPS, to an expert arborist. Dkt. # 84 at 4. Based on an analysis of the available records, the expert opined that "any claim [against the federal government] would be barred under the discretionary function exception to the Federal Tort Claims Act." *Id.* at 3-5.

On December 20, 2019, plaintiffs filed the instant suit, naming Mitsubishi Motor Corporations and Mitsubishi Motors North America Corporations Inc. as defendants in this products liability action. *See* Dkt. # 1.

ORDER DENYING THE UNITED STATES'
MOTION FOR SUMMARY JUDGMENT- 2

More than a year later, defendant Mitsubishi sent its own FOIA request to NPS and received "thousands of pages of documents" in return. Dkt. # 84 at 5. The production included the two key documents at issue in this motion: (1) a May 10, 2017, letter from former forester Richard Cahill and (2) the 2015 Pacific West Region Directive: PW-062 Hazard Tree Management Plan. Plaintiffs allege that PW-062 "direct[s] NPS to identify and remove hazard trees alongside US Highway 101 at Lake Crescent," a directive that was not imposed by the 1999 Tree Hazard Plan that was previously produced. Dkt. # 83 at 8. Plaintiffs also allege that the Cahill letter demonstrates that "NPS had failed to monitor and manage the hazard tree that resulted in the January 1, 2017, tree fall." *Id.*

Mitsubishi provided the documents it received from NPS to plaintiffs in January 2022. Dkt. # 84 at 6. Mitsubishi subsequently filed a motion to implead NPS as a third-party defendant in this action, Dkt. # 49, which the Court granted, Dkt. # 53.

After receiving the additional documents from Mitsubishi, plaintiffs again consulted with an expert arborist who opined "that NPS was responsible for surveying the roadway and . . . that the hazard tree should have been identified and removed before January 1, 2017." Dkt. # 84 at 7. Plaintiffs filed a Federal Tort Claims Act ("FTCA") administrative claim against NPS on March 18, 2022. Dkt. # 81 at 3. On February 2, 2023, plaintiffs filed an Amended Complaint, adding FTCA claims against third-party defendant NPS. *See* Dkt. # 62. The United States filed this motion to dismiss the claims against NPS. Dkt. # 80. Specifically, the government argues that plaintiffs' claims are untimely and thus "forever barred" under the statute. *Id.* at 2 (citing 28 U.S.C. § 2401(b)). Plaintiffs argue that although their claims were filed after the two-year

ORDER DENYING THE UNITED STATES'
MOTION FOR SUMMARY JUDGMENT- 3

limitations period provided in the FTCA, their claims should not be dismissed because the limitations period was equitably tolled under a theory of fraudulent concealment or equitable estoppel. Dkt. # 83. The Mitsubishi defendants also oppose the government's motion.[1] *See* Dkt. # 86.

## II.   Legal Standard

While the government's motion was titled "Motion to Dismiss," the government noted the possibility that its motion could be converted to one for summary judgment. Dkt. # 80 at 5. The government stated that it "does not object to having this motion heard as a motion for summary judgment." *Id.* In their response, plaintiffs characterized the government's motion as a "motion to dismiss and for summary judgment" and argued that under "either standard," plaintiffs have met their burden. Dkt. # 83 at 11, 31. Both parties submitted declarations with attached exhibits in support of their arguments. *See* Dkts. # 81, 84, 85, 88.

When "matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). The Ninth Circuit has explained that it does not "require strict adherence to formal notice requirements" where a motion to dismiss is converted to one for summary judgment. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 921-22 (9th Cir. 2004). Rather, the Court must

---

[1] The Mitsubishi defendants filed an opposition brief "out of an abundance of caution because, in the event the United States later argues that, under state substantive law, Mitsubishi's third-party contribution claim against the United States is derivative of Plaintiffs' negligence claim, the Motion necessarily implicates Mitsubishi's substantive legal rights and remedies." Dkt. # 86 at 2.

ORDER DENYING THE UNITED STATES'
MOTION FOR SUMMARY JUDGMENT- 4

"determine whether the party against whom summary judgment was entered was 'fairly apprised that the court would look beyond the pleadings and thereby transform the 12(b) motion to dismiss into one for summary judgment.'" *Id.* (quoting *Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984)). Here, both parties have submitted materials outside the pleadings for the Court's consideration and have referenced the legal standard for summary judgment in their submissions to the Court. *See* Dkt. # 83 at 10-11; Dkt. # 80 at 4-5. The Court finds that the parties have sufficient notice and will therefore consider the additional materials and treat the motion to dismiss as a motion for summary judgment. *See San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 477 (9th Cir. 1998) ("[A] represented party who submits matters outside the pleadings to the judge and invites consideration of them has notice that the judge may use them to decide a motion originally noted as a motion to dismiss, requiring its transformation to a motion for summary judgment." (citation omitted)).

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under Rule 56, the party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), and "citing to particular parts of materials in the record" that establish the absence of a genuine issue of material fact, Fed. R. Civ. P. 56(c). Once the moving party satisfies its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). The Court must "view the evidence in the light most favorable

ORDER DENYING THE UNITED STATES'
MOTION FOR SUMMARY JUDGMENT- 5

to the nonmovant and draw all reasonable inferences in the nonmovant's favor." *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014). Although the Court must reserve genuine issues regarding credibility, the weight of the evidence, and legitimate inferences for the trier of fact, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id.* (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

### III. Discussion

#### A. FTCA Statute of Limitations

Plaintiffs bring their claims against NPS under the FTCA, which provides a limited waiver of the government's sovereign immunity for tort claims. *Bennett v. United States*, 44 F.4th 929, 933 (9th Cir. 2022) (citing 28 U.S.C. §§ 1346(b)(1), 2671-80). A plaintiff bringing an FTCA claim against the United States must first file an administrative claim with the appropriate agency "within two years after such claim accrues." 28 U.S.C. § 2401(b). The claim must then be brought in federal court "within six months" after the agency acts on the claim. *Id.* Under the FTCA, a "claim accrue[s] when the plaintiffs kn[o]w both the fact of injury and its immediate physical cause." *Hensley v. United States*, 531 F.3d 1052, 1057 (9th Cir. 2008). A plaintiff's "ignorance of the involvement of United States employees is irrelevant." *Dyniewicz v. United States*, 742 F.2d 484, 486 (9th Cir. 1984).

ORDER DENYING THE UNITED STATES'
MOTION FOR SUMMARY JUDGMENT- 6

Here, the parties do not dispute that plaintiffs' claims accrued on or about the date of the car accident, January 1, 2017. Accordingly, plaintiffs' administrative claims – all of which were filed on March 18, 2022 – fall outside the two-year limitations period. *See* Dkts. # 81-3; 81-4; 81-5; 81-6; 81-7; 81-8. The failure to file an administrative claim within the requisite two years generally bars a claim forever. 28 U.S.C. § 2401(b). However, the Supreme Court has held that § 2401(b) is non-jurisdictional and may, therefore, be tolled. *United States v. Wong*, 575 U.S. 402, 405 (2015). Thus, plaintiffs' FTCA claim may still be heard if they can show grounds for tolling the statute of limitations, such as "fraudulent concealment[] or other forms of conduct that may be recognized as grounds for equitable tolling of the statute." *Dyniewicz,* 742 F.2d at 487 (citing *Borzeka v. Heckler*, 739 F.2d 444, 448 n.3 (9th Cir. 1984)).

### B. Tolling Doctrines

There are at least two legal theories under which plaintiffs may be entitled to tolling, namely "equitable tolling" and "equitable estoppel." Although the doctrines are distinct, *see United States v. Beggerly*, 524 U.S. 38, 49-50 (1998) (Stevens, J. concurring) (citing *United States v. Locke*, 471 U.S. 84, 94, n.10 (1985)), the Ninth Circuit has acknowledged that "the doctrines of equitable tolling and equitable estoppel are often confused," *Estate of Amaro v. City of Oakland*, 653 F.3d 808, 814 (9th Cir. 2011). "[T]he better reasoning states that equitable tolling applies when the plaintiff is unaware of his cause of action, while equitable estoppel applies when a plaintiff who knows of his cause of action reasonably relies on the defendant's statements or conduct in failing to bring suit." *Stitt v. Williams*, 919 F.2d 516, 522 (9th Cir. 1990); *see also Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000 (9th Cir. 2011), *as amended* (Aug.

ORDER DENYING THE UNITED STATES'
MOTION FOR SUMMARY JUDGMENT- 7

19, 2011). The doctrine of equitable estoppel is often referred to as fraudulent concealment. *Amaro*, 653 F.3d at 813.

To demonstrate an entitlement to equitable tolling, a plaintiff must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Credit Suisse Secs. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012) (citation omitted).[2] To demonstrate an entitlement to equitable estoppel, a plaintiff must show: (1) knowledge of the true facts by the party to be estopped, (2) intent to induce reliance or actions giving rise to a belief in that intent, (3) ignorance of the true facts by the relying party, and (4) detrimental reliance. *Bolt v. United States*, 944 F.2d 603, 609 (9th Cir. 1991).

Plaintiffs argue that they are entitled to tolling under both theories. *See* Dkt. # 83 at 2 (arguing that plaintiffs "have met the burden for tolling under equitable estoppel and fraudulent concealment"); *id.* at 23 (arguing that plaintiffs "have met their burden of proof to establish the doctrine of equitable tolling"). Because their claim for relief from the limitations period turns on their assertion that the government fraudulently concealed the true facts regardless which theory applies,[3] the issue for the Court to decide is whether plaintiffs have raised a genuine issue of fact regarding fraudulent concealment.

---

[2] Some of the confusion between the doctrines may lie in the fact that "the Supreme Court has allowed equitable tolling when . . . a claimant was tricked by an adversary into letting a deadline expire," a factual scenario that arguably could also be brought under equitable estoppel. *Lehman v. United States*, 154 F.3d 1010, 1016 (9th Cir. 1998).

[3] Plaintiffs argue that the "extraordinary circumstances" prong of the equitable tolling test is met by the government's alleged fraudulent concealment. *See* Dkt. # 83 at 20-22.

ORDER DENYING THE UNITED STATES'
MOTION FOR SUMMARY JUDGMENT- 8

**C. Fraudulent Concealment**

To avoid summary judgment, plaintiff must provide evidence from which a reasonable jury could conclude that defendant fraudulently concealed the existence of a cause of action in such a way that plaintiff, acting as a reasonable person, did not know of its existence. *Hennegan v. Pacifico Creative Serv., Inc.*, 787 F.2d 1299, 1302 (9th Cir. 1986). "A fraudulent concealment defense requires a showing both that the defendant used fraudulent means to keep the plaintiff unaware of his cause of action, and also that the plaintiff was, in fact, ignorant of the existence of his cause of action." *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1521 (9th Cir. 1983). "[W]hen estoppel is sought against the government, 'there must be affirmative misconduct (not mere negligence) and a serious injustice outweighing the damage to the public interest of estopping the government.'" *Amaro*, 653 F.3d at 813 (quoting *Bolt v. United States*, 944 F.2d 603, 609 (9th Cir. 1991)).

Plaintiffs argue that tolling is warranted because NPS produced certain documents and withheld others, thereby preventing plaintiffs from accurately evaluating the legal merits of a potential claims against NPS. In particular, NPS produced the wrong tree management policy and withheld (a) the 2015 Pacific West Region Directive: PW-062 Hazard Tree Management that governed the identification and removal of hazard trees along US Highway 101 at Lake Crescent and (b) the May 10, 2017, letter from forester Richard Cahill. In *Amaro*, the Ninth Circuit recognized that government stonewalling, misdirection, and refusal to produce may toll the limitations period if it prevents a claimant from appreciating that she has a claim and dissuades her from filing. 653 F.3d at 814. Here, as in *Amaro*, plaintiffs diligently investigated

ORDER DENYING THE UNITED STATES'
MOTION FOR SUMMARY JUDGMENT- 9

potential claims against the United States within the limitations period. They believed they had a claim against NPS, filed formal requests for information from the agency, and enlisted both a lawyer and an expert to help them determine whether they had a viable claim against the agency. But the document the Service produced in response to a FOIA request led plaintiffs, their expert, and their attorneys to conclude that "NPS's discretionary immunity applied and barred suit." Dkt. # 83 at 3. NPS' misrepresentation of its hazard tree policy and the withholding of the Cahill letter prevented plaintiffs from appreciating that they had a claim against the Service that would survive a motion to dismiss. "[T]the doctrine of equitable estoppel [applies] where a plaintiff believes she has a [] claim but is dissuaded from bringing the claim by affirmative misrepresentations and stonewalling by [the defendant]." *Amaro*, 653 F.3d at 815.

In denying the government's motion, the Court does not find, as a matter of law, that NPS engaged in affirmative misconduct as opposed to simple negligence. But there is ample evidence from which a reasonable jury could make such a finding, thereby precluding summary judgment in the government's favor. In response to plaintiffs' FOIA requests, the government withheld two documents that were potentially incriminating while producing a third that made it look like an FTCA claim, if asserted, would fail. NPS disclosed the existence of the two incriminating documents only after the limitations period had run. The government will likely be able to show that one of the two withheld documents, the May 2017 Cahill letter, did not come into NPS' possession until two days after the agency responded to the first FOIA request. Assuming there was no duty to supplement and focusing solely on the handling of the two competing hazard tree policies, it remains a question of fact as to whether the production of an

ORDER DENYING THE UNITED STATES'
MOTION FOR SUMMARY JUDGMENT- 10

outdated, exonerating policy combined with the failure to produce the correct, incriminating policy until after the limitations period had run was affirmative misconduct or mere negligence.

The government argues that because the misrepresentation and withheld documents go to a defense under the FTCA, plaintiffs cannot show that they "had neither actual nor constructive knowledge of the facts constituting [their] cause of action despite [their] due diligence." *Grimmett v. Brown*, 75 F.3d 506, 514 (9th Cir. 1996). In order to survive a motion to dismiss based on the discretionary function exception, however, plaintiffs would have to "allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime." *United States v. Gaubert*, 499 U.S. 315, 324-25 (1991). The government's argument suggests that plaintiffs should have filed a claim that, based on their expert's opinion and their attorney's analysis, could not survive a motion to dismiss. Federal Rule of Civil Procedure 11(b) precludes an attorney from asserting a claim which, after a reasonable inquiry, is not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." To the extent the government is arguing that plaintiffs were aware of the true facts because they knew they could satisfy the elements of an FTCA claim based on information in their possession in 2017, their subsequent investigation showed – mistakenly – that the claim was not viable. In 2017, plaintiffs were actively searching for a way to bring the United States into this lawsuit. If NPS' production or lack thereof had not convinced them that the FTCA claim had no chance of succeeding, they would have filed the claim. Plaintiffs were ignorant of the true facts because of

ORDER DENYING THE UNITED STATES'
MOTION FOR SUMMARY JUDGMENT- 11

NPS' conduct, and plaintiffs may be entitled to toll the limitations period if they can convince the jury that the agency engaged in affirmative misconduct.

### IV. Conclusion

For all the foregoing reasons, defendant United States' motion (Dkt. # 80) is DENIED. Plaintiffs have raised a genuine dispute of material fact as to whether NPS engaged in affirmative misconduct in responding to the FOIA requests. If plaintiffs are able to prove the former, they will be entitled to equitably toll the limitations period and proceed with their FTCA claim.

Dated this 16th day of January, 2024.

Robert S. Lasnik
United States District Judge

ORDER DENYING THE UNITED STATES'
MOTION FOR SUMMARY JUDGMENT- 12